Sergio ALANIS Sr., Maria Guadalupe Alanis, Susie Alanis, Sergio Alanis Jr., and Alonzo Alanis, Appellants

v.

Jesus Maria ALVAREZ and Alvarez & Associates, Appellees

No. 04–16–00313–CV

Court of Appeals of Texas, San Antonio.

Delivered and Filed: January 25, 2017

---

9. In light of our conclusion that we lack jurisdiction over this appeal, we do not address Appellant's second issue.

Sergio Alanis Sr., Rio Grande City, TX, Maria Guadalupe Alanis, Roma, TX, for Appellant.

Jesus Maria Alvarez, Attorney at Law, Rio Grande City, TX, for Appellee.

Sitting: Sandee Bryan Marion, Chief Justice Karen Angelini, Justice Irene Rios, Justice

## MEMORANDUM OPINION

Opinion by: Karen Angelini, Justice

Sergio Alanis Sr., Maria Guadalupe Alanis, Susie Alanis, Sergio Alanis Jr., and Alonzo Alanis (collectively, "Alanis") appeal from a final take-nothing judgment in their suit for breach of fiduciary duty and fraud against Jesus Maria Alvarez and Alvarez & Associates (collectively "Alvarez"). We reverse and remand.

This court has considered multiple appeals from the underlying cause. Both Alvarez and another party to the underlying cause, Ana Lisa Garza, moved for summary judgment based on limitations. The trial court granted the summary judgment motions and rendered a final take-nothing judgment against Alanis. In a previous appeal, we concluded Alvarez and Garza were not entitled to summary judgment because they had failed to negate the discovery rule. *Alanis v. Alvarez*, No. 04–12–00517–CV, 2013 WL 5570418, at *2 (Tex. App.–San Antonio Oct. 9, 2013, no pet.) (holding Alvarez and Garza were not entitled to judgment as a matter of law on their affirmative defense of limitations when they did not negate the discovery rule in their summary judgment motions). We reversed the trial court's judgment against Alanis and remanded the case to the trial court for further proceedings.

On remand, Alvarez filed a second summary judgment motion based on limitations.[1] Alvarez's second summary judgment motion was virtually identical to his first summary judgment motion. Alanis responded to Alvarez's second summary judgment motion, arguing that the second summary judgment motion should be denied because Alvarez once again failed to negate the discovery rule. Notwithstanding Alanis's response and this court's prior opinion in this case, the trial court granted Alvarez's second summary judgment motion and signed a final judgment that Alanis take nothing on his claims. Alanis filed the instant appeal. In his brief, Alanis argues that Alvarez was not entitled to summary judgment because he failed to negate the discovery rule. We agree with Alanis. In his second summary judgment motion, Alvarez again raised the affirmative defense of limitations but did not attempt to negate the discovery rule. Therefore, we must reverse the trial court's judgment and remand for further proceedings. *See Alanis v. Garza*, No. 04–15–00712–CV, 2016 WL 5795180, at *2 (Tex. App.–San Antonio Oct. 5, 2016, no pet.)

---

1. Garza also filed a second summary judgment motion based on limitations and a severance motion. The trial court granted both motions. We reversed the judgment granting Garza's second summary judgment motion in a separate appeal. *See Alanis v. Garza*, No. 04–15–00712–CV, 2016 WL 5795180, at *2 (Tex. App.–San Antonio Oct. 5, 2016, no pet.).

(reversing and remanding the case to the trial court because Garza failed to negate the discovery rule in her second summary judgment motion).

The judgment of the trial court is reversed and this case is remanded to the trial court for further proceedings consistent with this opinion.

